# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACKIELYN PEREZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LORETTA E. LYNCH,<br><br>　　　　　Defendant. | Case No. 2:16-cv-02048-APG-NJK<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(ECF No. 11) |

Plaintiff Jackielyn Perez files this action under the Administrative Procedures Act (APA) to challenge the United States Citizenship and Immigration Services' (USCIS) denial of her motion to reopen the agency's denial of her application to adjust her status. ECF No. 1. Perez contends USCIS acted arbitrarily and capriciously in finding that she had not established that her prior marriage was bona fide.

USCIS moves to dismiss, arguing that Perez has named the wrong party because the Secretary of Homeland Security is the proper defendant. Additionally, USCIS argues that even if Perez amended to name the proper party, amendment would be futile because the decision to deny her motion to reopen was not arbitrary or capricious.

Perez responds that she presented her marriage certificate and her own testimony about her marriage, but she admits she was unable to produce other proof that her first marriage was bona fide. She contends she was unable to do so because of abuse in that marriage. She asserts she did not have an attorney before, and she should be given another opportunity to present testimony and evidence to establish her first marriage was bona fide. Perez disputes that her application must be considered based on the initial petition regardless of a change in circumstances. Finally, Perez requests leave to amend to name the proper defendant.

In reply, USCIS notes that since Perez filed the complaint, removal proceedings have been initiated. USCIS contends Perez must pursue her remedies in those proceedings, not in this court.

## I. BACKGROUND

Perez was admitted to the United States in 2008 as a non-immigrant K-1 fiancée of a United States citizen, Denn Andrew Dominguez Jose.[1] *Id.* at 9. She filed an application for adjustment of status. *Id.* However, neither Perez nor Jose appeared for the interview that was scheduled in August 2009, so the application was denied. *Id.*

Jose filed for divorce in 2010. *Id.* Perez later married Akrhe Perez in February 2014 and filed a second application for adjustment of status based on this second marriage. *Id.* Perez and her second husband appeared for an interview in January 2016. *Id.* The USCIS denied the second application because K-1 visa holders cannot adjust status except through their petitioning spouse (here, Jose). *Id.* The USCIS found that Perez had provided a marriage certificate, thus establishing the first marriage was legal, but concluded that Perez had not presented evidence that the marriage was bona fide or that she was the victim of abuse by her first spouse. *Id.*

Perez moved to reopen. *Id.* The USCIS denied the motion to reopen. *Id.* The USCIS concluded that Perez had not submitted any new evidence that was previously unavailable or any evidence that the law was applied incorrectly. *Id.*

Perez filed the instant lawsuit under the APA on August 29, 2016. After the motion to dismiss and Perez's response had been filed, the Department of Homeland Security initiated removal proceedings against Perez. ECF Nos. 11 (motion to dismiss filed February 21, 2017); 14 (opposition filed April 7, 2017); 15-1 (notice to appear dated April 12, 2017).

## II. ANALYSIS

Because the Department of Homeland Security has initiated removal proceedings against Perez, I lack jurisdiction under the APA to resolve her complaint. As explained in *Cabaccang v. U.S. Citizenship & Immigration Services*, agency action is subject to judicial review under the APA "only when it is either: (1) made reviewable by statute; or (2) a 'final' action 'for which

---

[1] A K-1 visa holder is a person who "is the fiancée or fiancé of a citizen of the United States . . . and who seeks to enter the United States solely to conclude a valid marriage with [a United States citizen] within ninety days after admission." 8 U.S.C. § 1101(a)(15)(K)(i).

there is no other adequate remedy in a court.'" 627 F.3d 1313, 1315 (9th Cir. 2010) (quoting 5 U.S.C. § 704). "No statute authorizes judicial review over denials of status adjustment," so the question is whether the denial of Perez's application, and the related motion to reopen, were final agency actions "for which there [is] no other adequate remedy." *Id.*

Here, Perez has another adequate remedy because the immigration judge has "unfettered authority to modify or reverse USCIS's denial of [her] application[], regardless of USCIS's prior determination." *Id.* at 1316 (citing 8 C.F.R. §§ 1240.1(a)(1)(ii), 1245.2(a)(1)(i)). Consequently, Perez's application for adjustment of status is not final because she can renew it in the removal proceedings. *Id.* Additionally, "the pendency of removal proceedings means [Perez] ha[s] not exhausted [her] administrative remedies." *Id.* It does not matter that the removal proceedings commenced after Perez filed this lawsuit. *Id.* at 1317 ("Regardless of whether the Cabaccangs' removal proceedings began before this action, the pendency of removal proceedings now means their claims are not ripe for judicial review."). Consequently, I dismiss this complaint for lack of jurisdiction.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Loretta Lynch's motion to dismiss **(ECF No. 11) is GRANTED**. The complaint is dismissed for lack of jurisdiction. The clerk of court is instructed to close this case.

DATED this 20th day of September, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE